# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CALLEROS, | 1:08-cv-00424 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| KEN CLARK, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 24, 2008. (Court Doc. 1.) Petitioner is challenges a disciplinary infraction and contends that prison officials have failed to respond to his administrative appeal challenging the infraction and there is insufficient evidence to support the finding of guilt. (Petition, at 5.)

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Thus, the failure to respond to Petitioner's administrative appeal cannot serve as the basis for liability, and Petitioner cannot proceed with such claim in the instant petition.

However, the Due Process Clause does requires that when a prison disciplinary

1  proceeding may result in the loss of good time credits, the decision must be supported by "some
2  evidence." <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984), *citing* <u>United States ex rel.</u>
3  <u>Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927).  As such, the instant
4  petition may proceed on Petitioner's claim that there was insufficient evidence to support the
5  finding of guilt.

6                                         RECOMMENDATION
7       Based on the foregoing, it is HEREBY RECOMMENDED that:
8       1.   Claim One of the instant petition regarding prison official's failure to process
9            Petitioner's administrative appeal be DISMISSED from the action for failure to
10           state a claim; and,
11      2.   This action proceed on Claim Two of the instant petition challenging the
12           sufficiency of the evidence to support his disciplinary infraction.
13      This Findings and Recommendation is submitted to the assigned United States District
14 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
15 the Local Rules of Practice for the United States District Court, Eastern District of California.
16 Within thirty (30) days after being served with a copy, any party may file written objections with
17 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
19 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
20 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
21 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
22 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
23 Cir. 1991).

24

25 IT IS SO ORDERED.

26 **Dated:   March 28, 2008**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE
27

28