# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CALLEROS, | 1:08-cv-00424 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KEN CLARK, Warden, | [Doc. 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently incarcerated in the California Department of Corrections and Rehabilitation (CDCR) serving an indeterminate life sentence for second degree murder.

In the instant petition, the one remaining claim challenges the sufficiency of the evidence to support a 2006 disciplinary violation.[1]

Petitioner filed a state petition for writ of habeas corpus in the California Superior Court for the County of Kings, which was denied for failure to raise a prima facie claim and failure to exhaust the administrative remedies.  (Exhibits 1 & 2, attached to Motion.)

Then, Petitioner filed a state petition for writ of habeas corpus in the California Court of

---

[1] On April 28, 2008, Petitioner's claim that prison officials have failed to process and/or respond to his administrative inmate grievance was dismissed from the action for failure to state a cognizable federal claim under § 2254.  (Court Doc. 7.)

1

1    Appeal, Fifth Appellate District. (Exhibit 3, attached to Motion.) The Court of Appeal
2    summarily denied the petition. (Exhibit 4, to Motion.)
3           Thereafter, Petitioner filed a petition for writ of habeas corpus in the California Supreme
4    Court, which was also summarily denied. (Exhibits 5 & 6, to Motion.)

## DISCUSSION

A.    Procedural Grounds for Motion to Dismiss

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.    Exhaustion of State Remedies

       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See <u>Anderson v. Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Respondent moves to dismiss the instant petition as unexhausted on the ground that Petitioner failed to exhaust the administrative remedies.  To this end, Respondent argues that "Petitioner has remedies available in state court, namely he may file a petition for writ of habeas corpus in superior court after demonstrating that he exhausted all administrative remedies." However, it is clear that Petitioner sought relief at the informal level which was denied as untimely and any further relief review does not appear available and would be futile.  Indeed, the informal level response, dated February 5, 2007, stated:

> After extensive research into your concerns, it was determined that on October 11, 2006, you received your final copy of RVR dated Mar [sic] 17, 2006, Conduct Over Familiar Relationship with Staff, Log #E-06-03-020R.  You did not file your appeal on the above-mentioned RVR until December 4, 2006. The California Code of Regulations (CCR Title 15, Section 3084.6(c) states, 'Inmate or parolee response.  An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.  Based on the appeal time limit violation, the attached appeal dated December 4, 2006 is appropriately screened out to you on this date.
> If you have any further questions or concerns feel free to submit a GA-22 Inmate Request for Interview to the California State Prison Corcoran Appeals

Office."

(Exhibit 1, attached to Motion.)  However, Respondent does not point to what other administrative review was available to Petitioner.  Accordingly, Respondent's motion to dismiss the instant petition as unexhausted should be DENIED.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition as unexhausted be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 15, 2008**                   /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE