IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO CALLEROS,                    No   C 08-0424 VRW

     Petitioner,                   ORDER

     v

KEN CLARK,

     Respondent.
_____/

     Petitioner Lorenzo Calleros, a California state prisoner currently incarcerated at Mule Creek State Prison, petitions pro se for a writ of habeas corpus pursuant to 28 USC § 2254.  Calleros challenges a prison administrative proceeding in which he lost thirty "good time" credits.  Having reviewed the briefs and the underlying record, the court concludes that Calleros is not entitled to relief based on the claim presented and denies the petition.

I

Calleros was convicted of second-degree murder in Merced County, California on February 12, 1994 and is serving an indeterminate life sentence. Doc #1 at 9. While incarcerated at California State Prison, Corcoran, Calleros faced disciplinary action for having an overfamiliar relationship with a staff member. Id at 24. At a hearing, the Senior Hearing Officer ("SHO") considered evidence consisting of eighteen letters and twenty-three greeting cards found in Calleros' cell. Id. The cards and letters were submitted to the Department of Justice ("DOJ"), which verified that the handwriting matched the staff member's handwriting. Id. Calleros admitted that the correspondence had been found in his cell. Id. In his defense, Calleros submitted the testimony of four witnesses who stated they had not observed overfamiliar behavior between the staff member and Calleros. Id at 26. The SHO stipulated to the content of the testimony, and Calleros did not put forth any other exculpatory evidence. Id at 26-27.

Calleros was found guilty of having an overfamiliar relationship with a staff member in violation of CCR § 3005(a) based on a preponderance of the evidence. Doc #1 at 24-29. As a result of the decision, Calleros forfeited thirty good time credits. Id at 27. Calleros received the decision on October 11, 2006 and under prison regulations had fifteen days to file an informal appeal. Id. He did not file an appeal until December 4, 2006, which the appeals coordinator screened out because it was not filed within the time limit. Id at 23.

On May 25, 2007, Calleros filed a habeas petition in Kings County superior court challenging the SHO's decision and the administrative screen-out of his appeal. Doc #1 at 30. The court denied the petition, explaining that the record indicated Calleros had not timely appealed the SHO's decision and that Calleros had not shown he had exhausted his administrative remedies. Id at 30-31. Because Calleros failed to demonstrate exhaustion, the court did not address Calleros' claim that the SHO's decision violated due process. Id. Calleros appealed to the court of appeal and the California supreme court, both of which denied his petition without opinion. Id at 33-34.

Calleros filed the instant petition on March 24, 2008. Doc #1. Calleros alleges he was incorrectly barred from appealing the SHO's decision and that the evidence the SHO relied on was insufficient to support a guilty finding. Id at 4. The court (Wanger, J) dismissed the claim regarding the appeal but allowed the evidentiary claim to proceed. Doc #7. The court (Snyder, MJ) then ordered respondent to file a response to the remaining claim. Doc #8. Respondent filed a motion to dismiss for failure to exhaust administrative remedies, Doc #9, which the court (Wanger, J) denied. Doc #11. Respondent was ordered to file an answer, Doc #12, and the case was reassigned to the undersigned. Respondent filed an answer on January 5, 2009, Doc #14, and petitioner filed his traverse on January 21, 2009. Doc #15.

//
//
//

3

## II

### A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004). Under AEDPA, the court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 USC § 2254(d). When the state court gives no reasoned explanation of its decision on a petitioner's federal claim, "an independent review of the record" is the only means of deciding whether the state court's decision was an objectively unreasonable application of clearly established federal law. See Plascencia v Alameida, 467 F3d 1190, 1197-98 (9th Cir 2006); Delgado v Lewis, 223 F3d 976, 982 (9th Cir 2000).

## B

Here, the state court did not address Calleros' evidentiary claim, because Calleros had not yet demonstrated exhaustion of administrative remedies. Doc #1 at 33. The court (Wanger, J) found, however, that Calleros has exhausted both his administrative and state remedies. Doc #11. Because the state court did not address the merits of Calleros' petition, the court addresses Calleros' claim based on the record before it.

The only claim presently before the court is that the SHO's decision was not supported by evidence. Doc #1 at 4. Calleros' claim arises under the Fourteenth Amendment Due Process Clause, as the loss of good time credits may extend the length of imprisonment. <u>Wolff v McDonnell</u>, 418 US 539, 557 (1974); <u>Superintendent v Hill</u>, 472 US 445, 454 (1985). To satisfy due process, findings of the SHO must be supported by "some" evidence in the record. <u>Superintendent</u>, 472 US at 454. The standard for the modicum of evidence required is met if there is some reasonably reliable evidence from which the conclusion of the SHO can be deduced. Id at 455; see also <u>Cato v Rushen</u>, 824 F2d 703, 704-05 (9th Cir 1987).

Here, the record indicates that the SHO relied on independently-verified evidence to find Calleros guilty. The SHO relied on cards and letters discovered in Calleros' cell, evidence that the handwriting in the correspondence matched that of a prison staff member and Calleros' admission that the letters had been found in his cell. Doc #1 at 26-27. Calleros was allowed to present evidence in his own defense, and in fact the SHO stipulated

5

to the testimony of four witnesses offered by Calleros. Id. The SHO could reasonably rely on the presence of forty-one pieces of correspondence in Calleros' cell as evidence that Calleros had an overfamiliar relationship with the staff member who wrote them. While Calleros may disagree with the SHO's decision, due process requires only that the decision be supported by "some" evidence. Because the SHO explained that he relied on independently verified evidence in reaching his decision, due process is satisfied and Calleros cannot obtain the relief he seeks.

IV

Because the record contains, at a minimum, some evidence to support the SHO's decision, Calleros' petition for a writ of habeas corpus, Doc #1, is DENIED. The clerk shall enter judgment, terminate all motions and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge